■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS K. BACALOCOSTANTIS, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 22, 1986, convicting defendant upon his plea of guilty of the crimes of manslaughter in the first degree and assault in the first degree.

While driving in Ulster County, defendant was harassed by two intoxicated men in the vehicle proceeding ahead of him. When they stopped and approached him in a menacing fashion he fired upon them, killing one and wounding the other; he then sped away. Subsequently arrested, a search of his car produced, among other things, more than a half ounce of cocaine.

Charged with, inter alia, second degree murder, attempted second degree murder and first degree assault, he was convicted by a jury of first degree manslaughter and first degree assault, and sentenced to prison terms of 4 to 12 years on the former and 2 to 6 years on the latter, to be served concurrently; however, those convictions were reversed (111 AD2d 991). In the meantime, defendant was convicted on his plea of guilty to the cocaine possession, which had been severed for separate trial (121 AD2d 812), and sentenced to serve 4 to 12 years in prison. Thereafter, plea negotiations were had on the re-presented manslaughter and remitted assault charges and the People offered to recommend a sentence which would increase defendant's total incarceration to 5 to 15 years, a recommendation in which County Court concurred. But prior to defendant's acceptance of the bargain, the court changed its mind respecting the sufficiency of the proposed sentence and

the matter was thereupon set down for trial. On the eve of trial, defendant entered a guilty plea with no commitment as to sentence; indeed, County Court warned that it could sentence defendant to a term of 4 to 12 years, consecutive to the drug possession term. The sentence ultimately imposed was 2 to 6 years for first degree assault, concurrent to the existing sentence, and 4 to 12 years for first degree manslaughter, 2 to 6 years of which are to be served concurrently with the other sentences and 2 to 6 years of which are to be served consecutively; the end result is a total sentence of 6 to 18 years. Defendant appeals.

Defendant contends that County Court lengthened the earlier offered sentence of 5 to 15 years because of the court's irritation with defense counsel. While County Court did express some annoyance with counsel prior to rescinding the plea offer—counsel apparently sought adjournments of the case because he was engaged in a protracted criminal trial in Federal District Court in the Southern District of New York— the record does not support the assertion that the two are causally connected; in fact, no reason appears why we should not accept at face value County Court's statement that upon lengthy reflection it determined that defendant's flagrant disregard for the law required imposition of a more severe sentence than originally proposed.

Defendant also argues that, because County Court considered the manslaughter and assault when setting sentence on the cocaine charge and vice versa, his protection against double jeopardy was violated. Examination of the record reveals this to be a mischaracterization. The court acknowledged that the penalty imposed on the drug conviction was severe for a first offense but that the possession was aggravated by defendant's ingestion of cocaine while he was driving and that the danger that this created, amply demonstrated by the violence that followed, justified the sentence. On the other hand, defendant received a lenient manslaughter sentence, reflecting, in part, the court's assessment that defendant subjectively feared his victims. A court's consideration of circumstances which make up more than one distinct crime when passing sentence on the various offenses found to have been committed does not, without more, amount to double jeopardy (see, People v Williams, 114 AD2d 683, 685).

Finally, defendant correctly asserts that a sentence split so that it is half concurrent and half consecutive is not within the parameters of Penal Law § 70.25 (1), which provides, in relevant part, that "sentences imposed by the court shall run

either concurrently or consecutively * * * as the court directs at the time of sentence". Since the sentence imposed for defendant's manslaughter conviction does not conform to this plain statutory language, defendant's conviction on that count must be remitted for resentencing. The People's argument, based upon the Staff Notes of the Commission on Revision of the Penal Law that the intent of the statute is only to prevent consecutive sentences from being imposed by inadvertence or rote (see, Commission Staff Notes, CLS Cons Laws of NY, Book 23, Penal Law § 70.25, at 318-319), cannot prevail, given the disjunctive language of the statute itself which unambiguously dictates imposition of *either* a concurrent or a consecutive sentence, not both.

Judgment modified, on the law, by vacating defendant's sentence for the crime of manslaughter in the first degree; matter remitted to the County Court of Ulster County for resentencing for that crime; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.