■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAUREANO TORRES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered January 23, 1991, convicting him of forgery in the second degree (seven counts), criminal possession of stolen property in the fifth degree (seven counts), petit larceny (five counts), attempted grand larceny in the fourth degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is elementary that a claim of ineffective assistance of counsel requires proof of less than meaningful representation, rather than simple disagreement with trial strategies and tactics *(People v Benn,* 68 NY2d 941, 942). In the case at bar, the defense counsel's decision to refrain from making a pretrial motion to suppress inculpatory statements made by the

defendant to the police was explained on the record as being part of counsel's trial strategy. Since the defendant has wholly failed to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue an arguably colorable claim *(People v Garcia,* 75 NY2d 973, 974), it is presumed counsel acted in a competent manner and exercised professional judgment in not requesting a suppression hearing *(People v Rivera,* 71 NY2d 705, 709). In addition, the defendant failed to make a showing that defense counsel failed to sufficiently review an expert's prospective testimony prior to calling him as a witness *(see, People v Love,* 57 NY2d 998, 1000). Taken as a whole, the defense counsel's efforts afforded the defendant "meaningful representation" *(see, People v Baldi,* 54 NY2d 137, 147).

We find the defendant's remaining contentions to be without merit. Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.