FOURTH DEPARTMENT, MARCH, 1994

(March 11, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MASSA, Appellant. [609 NYS2d 742] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of insurance fraud in the second and third degrees, grand larceny in the third degree, and attempted grand larceny in the second degree as a result of an insurance claim for property damage to an office he leased at 14 Lakeshore Drive in Canandaigua. He contends that the verdict was against the weight of the evidence. We disagree. Two police officers testified that, on December 21, 1991, they observed water coming from under the front door of defendant's office, a large puddle

of water in the upstairs apartment directly over defendant's office, and a broken water pipe in the building in which the office was located. On December 24, 1991, defendant's secretary, upon visiting the office, was told by police of their observations of December 21. The secretary reported that information to defendant, who then filed a claim for property damage stating that the damage occurred on December 27. An insurance agent testified that plaintiff's insurance coverage on the property had lapsed in October 1991 because of nonpayment of premiums and was not reinstated until December 23, 1991. Viewing the evidence in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196), we conclude that there was sufficient evidence for the jury to conclude that defendant had knowingly and with intent to defraud made a statement containing materially false information to the insurance company *(see,* Penal Law § 176.05). The facts from which the inference of defendant's guilt is drawn, when perceived as a whole, overwhelmingly establish defendant's guilt beyond a reasonable doubt, are inconsistent with innocence and exclude to a moral certainty every other reasonable hypothesis *(see, People v Morgan,* 66 NY2d 255, 256, *cert denied* 476 US 1120; *People v Lewis,* 64 NY2d 1111, 1112).

Defendant contends that he is entitled to a new trial because of prosecutorial misconduct. With respect to the prosecutor's questioning of defendant regarding certain bad acts, the trial court sustained objections to that line of questioning and admonished the prosecutor to discontinue the questioning. In our view, the jury would have reached the same result if the misconduct had not occurred *(see, People v Mott,* 94 AD2d 415, 419). Defendant further contends that the prosecution coerced a potential defense witness not to testify. That contention is supported only by the hearsay report of defendant's private investigator who interviewed the witness. The People, on the other hand, submitted affidavits from the prosecutor and a police officer that the witness was not coerced. The trial court did not abuse its discretion in failing to hold a hearing on the matter. Defendant also contends that the People failed until trial to provide a copy of an exculpatory statement of a witness, in violation of *Brady v Maryland* (373 US 83). Although the statement should not have been withheld, the error was harmless because the statement was cumulative to a statement already in the possession of defendant.

The court did not err in giving a missing witness charge

against defendant. Although defendant identified the witness in his alibi notice, the witness did not testify. Defendant testified that he visited the office on December 24, 1991, and did not observe any water damage. Presumably, the alibi witness would have corroborated defendant's testimony. The missing witness charge is appropriate against a defendant who, having come forward with alibi evidence, fails to call an available witness to support the alibi *(People v Wilson,* 64 NY2d 634, 636). The charge is applied against the party deemed to be in control of the witness, and it is presumed that the party on whose behalf the witness would testify favorably is the party in control *(see, People v Gonzalez,* 68 NY2d 424, 429). Defendant failed to demonstrate that he made diligent efforts to locate the witness *(see, People v Gonzalez, supra,* at 428), and there was no competent evidence that the People had effective control over the witness.

The use of the "moral certainty" language in the jury charge does not require reversal *(People v Miller,* 194 AD2d 230). We have reviewed defendant's other contentions and conclude that they are without merit. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Insurance Fraud, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.