THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Appellant. [673 NYS2d 601] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 18, 1995 (*People v Velez,* 222 AD2d 625), affirming a judgment of the Supreme Court, Queens County, rendered June 24, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL D. WOOD, Appellant. [673 NYS2d 600] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered March 1, 1996, convicting him of rape in the first degree and coercion in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in concluding, after a hearing, that the defendant was competent to stand trial (*see,* CPL 730.10). The People sustained their burden of proving by a preponderance of the credible evidence that the defendant was not an incapacitated person (*see, People v Supino,* 202 AD2d 454; *People v Cox,* 196 AD2d 596; *People v Santos,* 43 AD2d 73, 75-76). The hearing court's crediting of the testimony of the People's experts rather than that of the defendant's experts should be accorded great deference (*see, People v Orama,* 150 AD2d 505, 506).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Pizzuto and Joy, JJ., concur.