■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES T. SHIFFER, Appellant. [682 NYS2d 266] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 7, 1997, upon a verdict convicting defendant of the crime of criminal mischief in the third degree.

In September 1996, defendant was indicted for criminal mischief in the third degree after he damaged a 1996 Nissan van belonging to the victim, who owned a convenience store frequented by defendant. Following numerous incidents in which the victim rebuffed defendant's attempts to initiate a romantic relationship, defendant spray painted obscene remarks on the van and filled the gas tank with sugar. Defendant admitted to police that he had engaged in these acts.

Prior to trial, County Court ordered a psychiatric examination of defendant and conducted a hearing pursuant to CPL article 730 to determine defendant's competency to stand trial. Following the hearing, County Court concluded that defendant was competent. Thereafter, the court held a *Ventimiglia* hearing to determine whether evidence of uncharged criminal conduct by defendant should be admitted at trial. County Court ruled that evidence of harassing conduct exhibited by defendant toward the victim during the previous three years, including gifts sent to her, was admissible for the purpose of establishing the identity of the perpetrator, motive and intent.

Following the trial, defendant was found guilty of criminal mischief in the third degree. County Court, *inter alia*, sentenced him to six months in jail and five years' probation. He was subsequently resentenced at which time he was released from jail for time served but ordered to report to probation and pay restitution. Defendant appeals.

Defendant contends that it was error for County Court to find him competent to stand trial. We disagree. A defendant is considered incapacitated for the purpose of standing trial if "as a result of mental disease or defect [he or she] lacks capacity to understand the proceedings against him [or her] or to assist in his [or her] own defense" (CPL 730.10 [1]). Where a hearing is conducted pursuant to CPL article 730, the burden is on the prosecution to establish the defendant's competency by a

preponderance of the evidence (*see, People v Wood*, 251 AD2d 521; *People v DelRio*, 220 AD2d 122, 126, *lv denied* 88 NY2d 983; *People v Santos*, 43 AD2d 73, 75-76).

At the competency hearing, Nathan Massey, a psychiatrist, testified that defendant suffers from a delusional disorder with elements of paranoia. He stated that while defendant's condition could be treated with antipsychotic medication, the efficacy of treatment is not as good as with other psychotic disorders. Massey noted, however, that defendant fully understood the charges against him, including the roles of the Judge, jury and respective attorneys, and had the ability to assist in his defense. He opined that defendant was fully competent to stand trial. While Joseph McCann, a psychologist, diagnosed defendant's condition as a personality disorder, he concurred in Massey's opinion that defendant was competent. He also noted that defendant understood the charges against him and the judicial process. While noting that defendant maintained somewhat of a hostile and cynical attitude, McCann likewise stated that defendant possessed the ability to cooperate with his attorney in the defense of his case. Defendant also testified that he understood the nature of the charges against him, the potential consequences if convicted and the role of his attorney whom he agreed to cooperate with in the defense of his case. In our view, the foregoing testimony amply supports County Court's finding that defendant was competent to stand trial.

Defendant further argues that County Court committed reversible error by allowing the introduction of evidence regarding prior uncharged crimes. At issue is the victim's testimony, *inter alia*, that during a three-year period defendant sent her items such as flowers, letters, stockings, a gun and ammunition, as well as obscene items and magazines. She stated that defendant asked her out on dates and told her that he wanted to marry her, but that she ignored the comments. She stated that she attempted to return many of the gifts and that, on one occasion when he became upset with her, he sent her a letter using the same language later written on her van.

It is well settled that evidence of prior uncharged crimes is admissible, not for the purpose of establishing the defendant's propensity to engage in criminal conduct, but for the purpose of demonstrating identity, motive or intent (*see, People v Muniz*, 248 AD2d 644, *lv denied* 92 NY2d 857; *People v Flowers*, 245 AD2d 1088, *lv denied* 91 NY2d 972; *People v Hubert*, 237 AD2d 756, 757, *lv denied* 90 NY2d 859). Under the circumstances presented here, we agree with County Court that the

probative value of the above evidence clearly outweighed its prejudicial effect (*see, People v Chase*, 85 NY2d 493, 502; *People v Greene*, 252 AD2d 746, *lv denied* 92 NY2d 925) and was germane to establishing defendant's identity, motive and intent. Accordingly, we find no error in the court's ruling. Lastly, we have considered defendant's claim of ineffective assistance of counsel and find that contention without merit (*see, People v Baldi*, 54 NY2d 137, 147).

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.