OPINION OF THE COURT
 

 Smith, J.
 

 The issue in this case is whether the Statute of Limitations was tolled during all or any of the periods between December 19,1991 and February 24,1998 due to defendant’s “continuous” absence from the State following his alleged commission of the crime on July 4, 1988. We conclude that because defendant, a nonresident, remained, during legally significant periods of time, continuously outside the State within the meaning of the tolling provision of CPL 30.10 (4) (a) (i), the instant prosecution was timely commenced, and the order of the Appellate Division should be affirmed.
 

 On July 4, 1988, an unidentified individual or individuals detonated an explosive device at an automobile dealership in Bellmore, New York. The police commenced an investigation but the crime remained unsolved. At that time, defendant was living with his wife and family in New York. In September
 
 *228
 
 1991, defendant’s family moved to North Carolina. He joined them there on or about December 19, 1991,
 
 [1]
 
 and in February 1993, moved to Richmond, Virginia. Thus, from 1991 to 1998— when he was indicted — defendant was a nonresident of this State.
 

 During the fall of 1995, defendant’s wife returned to New York to reside, while defendant remained in Virginia. The couple was divorced the following year. In November 1997, following a child custody determination, defendant’s ex-wife contacted the police and furnished evidence linking defendant to the unsolved 1988 crime. Based upon the information she and others provided, defendant was indicted, on February 24, 1998, for criminal mischief in the first degree (Penal Law § 145.12) and arson in the third degree (Penal Law § 150.10), a class B and C felony respectively.
 

 Prior to trial, defendant moved to dismiss the indictment, arguing that it was untimely under CPL 30.10 (2) (b) because it had not been filed within five years following the commission of the crime. In response to the People’s assertion of timeliness, defendant alleged that the tolling provision of CPL 30.10 (4) (a) (i) was inapplicable because he had not been “continuously” outside the State during the decade following the crime. At a hearing, he maintained that between 1992 and 1997 he frequently returned to New York for business and personal reasons, including a child custody arrangement and visits with his parents. Defendant presented evidence that he had been in New York on 114 specific days between 1992 and 1997.
 
 [2]
 
 The People produced no witnesses at the hearing. Although the People were unable to refute defendant’s date-by-date claims, they nevertheless maintained that the prosecution was timely because the Statute of Limitations had tolled during each period of defendant’s absence from the State, and that any such period was excludable from the limitations period, pursuant to CPL 30.10 (4) (a) (i).
 

 On August 20, 1998, County Court dismissed the indictment as time-barred. The court held that as a result of return visits to New York, defendant had not been “continuously” outside the State within the meaning of CPL 30.10 (4) (a) (i) during
 
 *229
 
 the more than nine-year period following the commission of the crime. The Appellate Division reversed and reinstated the indictment (259 AD2d 499). Applying the toll of CPL 30.10 (4), the Court held that, notwithstanding defendant’s trips to and days in New York, his visits here were “brief and sporadic” and he returned to his Virginia home following each visit. Thus, the Court concluded, defendant’s absence from New York following the commission of the crime was “continuous” within the meaning of CPL 30.10 (4) (a) (i), and the Statute of Limitations was tolled beginning in December 1991. We now affirm, but on a different basis.
 

 CPL 30.10 (2) (b) provides that a prosecution for any felony, other than a class A felony, “must be commenced within five years after the commission thereof.” However, this period of limitations is subject to a number of tolling exceptions, including the one pertinent to this case, found in CPL 30.10 (4) (a):
 

 “In calculating the time limitation applicable to commencement of a criminal action, the following periods shall not be included:
 

 “(a) Any period following the commission of the offense during which (i) the defendant was continuously outside this state or (ii) the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence. However, in no event shall the period of limitation be extended by more than five years beyond the period otherwise applicable under subdivision two.”
 

 Our resolution of this case turns on the construction of the statutory phrase “continuously outside this state,” as applied to the facts at hand. The Criminal Procedure Law defines neither the term “continuously” nor the phrase “continuously outside this state” for purposes of applying CPL 30.10 (4) (a) (i) 0compare, CPLR 207 [toll requiring that continuous absence from the State be a minimum of four months in duration]).
 

 It is undisputed that the People did not commence their prosecution of defendant until roughly a decade after the criminal incident, far exceeding the five years allowed them under the Criminal Procedure Law (see, CPL 30.10 [2] [b]). Thus, unless the People can establish that at least a part of that period was tolled, prosecution of this case is time-barred. It is defendant’s burden, however, to show the dates on which he was in this State during the relevant period, in order to stop the toll (CPL 210.45 [7]).
 

 
 *230
 
 The People urge that the indictment was proper because the Statute of Limitations was tolled during all periods defendant was “continuously outside” the State. For an absence from the State to be “continuous” within the meaning of CPL 30.10 (4) (a) (i), the People argue, it need not be a single uninterrupted period of time. We agree. The focus of the tolling provision of CPL 30.10 is “the difficulty of apprehending a defendant who is outside the State”
 
 (People v Seda,
 
 93 NY2d 307, 312). Thus, all periods of a day or more that a nonresident defendant is out-of-State should be totaled and toll the Statute of Limitations.
 

 Applied here, defendant’s own calculations demonstrate limited periods of presence in the State, totaling 114 days (or 219 days), during the six-and-a-half year period at issue. This establishes that between December 19, 1991 and February 24, 1998, defendant was continuously outside the State within the meaning of CPL 30.10 (4) (a) (i) during sufficient periods of time for us to conclude, as a matter of law, that the instant prosecution was timely commenced.
 

 In so holding, we reject defendant’s contention that the civil tolling provision (CPLR 207), which requires that a continuous absence from the State be no less than four months in duration, applies analogously to the proper interpretation of CPL
 

 30.10 (4) (a) (i). Unlike CPLR 207, which mentions a minimum four-month period of continuous absence from the State, CPL
 

 30.10 (4) (a) (i) contains no minimum durational requirement. We refuse to read such a substantive element into this CPL provision.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed.
 

 [1]
 

 . The approximated date of December 19, 1991 was selected for use here by the parties. It is the date defendant first registered his vehicle in the State of North Carolina.
 

 [2]
 

 . Without setting forth specific dates, defendant approximated that he had actually been in New York for a total of 219 days of the relevant five-year period. The number of 219 days would not change the result here.