■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MORRISON, Appellant. [736 NYS2d 204] —Rose, J. Appeals (1) from a judgment of the County Court of Columbia County (Czajka, J.), rendered March 22, 2000, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and forgery in the second degree (six counts), and (2) by permission, from an order of said court, entered June 18, 2001, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

Upon defendant's guilty plea to the charges contained in a multicount indictment arising out of the theft and unauthorized use of a credit card, he was sentenced as a second felony offender to a total of seven prison terms of 2 to 4 years each. Two of the terms were concurrent with each other and consecutive to a third; the remaining four terms were concurrent with each other and consecutive to the other terms. The result was an aggregate term of 6 to 12 years. Defendant's motion to

set aside the sentence was denied and he now appeals from both the judgment of conviction and the denial of his postconviction motion.

We reject defendant's contention that Penal Law § 70.25 (1) precluded County Court from sentencing him to multiple prison terms that, according to defendant, were both concurrent and consecutive. Penal Law § 70.25 (1) provides that when multiple sentences of imprisonment are imposed, the sentences "shall run either concurrently or consecutively with respect to each other." The disjunctive statutory language prohibits the splitting of a sentence of imprisonment for one crime so that part of the prison term is concurrent with prison terms imposed for other crimes and the remainder is consecutive (*see, People v Bacalocostantis*, 148 AD2d 842). However, a court imposing multiple sentences may, as here, separate the prison terms into groups, with the terms to be served concurrently within the group and consecutively to one or more other groups (*see, People v Jeanty [Johnson] [Black] [Bernard]*, 268 AD2d 675, 679-680, *lvs denied* 94 NY2d 945, 949). Defendant's narrow reading of the statute would require a court imposing multiple sentences to choose between making all of the prison terms concurrent or all of them consecutive, which would unduly restrict the sentencing court's discretion beyond that intended by the statute.

We also reject defendant's claim that none of the sentences imposed on the forgery in the second degree counts could run consecutively to the sentence imposed on the grand larceny in the fourth degree count which was based on the theft of the credit card he used to commit each of the forgeries. Pursuant to Penal Law § 70.25 (2), consecutive sentences may not be imposed "(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643). Thus, a "[c]onsecutive sentence is available 'if the Legislature has seen fit to provide that up to a particular point the acts of the defendant constitute one crime and that the acts of the defendant, committed thereafter, constitute a second crime and that each series of acts constitut[e] a separate crime' " (*People v Day*, 73 NY2d 208, 212, quoting *People v Snyder*, 241 NY 81, 83-84). That is the case here. Defendant's act of stealing the credit card constituted the crime of larceny in the fourth degree (*see*, Penal Law § 155.30 [4]) and his subsequent separate and distinct acts of falsely making and completing credit card sales receipts by signing the name of another, with no right to do so and with the intent to defraud

and deceive, constituted the crimes of forgery in the second degree (*see*, Penal Law § 170.10 [1]; *People v Lewandowski*, 255 AD2d 902).

Contrary to defendant's claim, his plea was entered with no promise or understanding as to the sentence. Rather, it is clear from the record that the plea was being made without a sentencing recommendation on either the possible prison terms or the issue of concurrent versus consecutive sentences and that the range of possible sentences was a "minimum [of] two to four up to a maximum of six times three and a half to seven." Finally, considering defendant's lengthy criminal history and the considerable measure of leniency previously accorded defendant by the criminal justice system to no avail, we see neither an abuse of discretion in the substantial prison sentence imposed by County Court nor any extraordinary circumstances which would warrant modification.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.