■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK CHASE, Appellant. [750 NYS2d 182] —Rose, J. Appeals (1)

from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered December 21, 1995, upon a verdict convicting defendant of the crimes of insurance fraud in the second degree (two counts) and arson in the third degree, and (2) from an order of said court, entered January 16, 1996, which directed defendant to pay restitution to Sterling Insurance Company.

In February 1990, defendant's newly constructed house sustained water damage due to a burst pipe and then it was further damaged by fire apparently resulting from the use of propane heaters to heat and dry the premises. Defendant received insurance proceeds for both losses from his insurer, United States Fidelity and Guarantee Company (hereinafter USF&G). In February 1993, defendant's house was destroyed by explosions and fire that occurred while propane heaters were again being used after a pipe burst. Defendant received payment for this loss from Sterling Insurance Company (hereinafter Sterling). As the result of an investigation triggered by a fire at a neighboring house in January 1994, defendant was charged in March 1995 with multiple counts of arson, insurance fraud and other crimes in connection with all three fires. Following trial of the counts relating to the 1990 and 1993 fires, defendant was convicted on two counts of insurance fraud in the second degree and one count of arson in the third degree, and later pleaded guilty to a charge of attempted burglary in the second degree in satisfaction of all charges arising from the 1994 fire. County Court sentenced defendant to an aggregate prison term of 14 to 42 years, and also ordered him to pay $100,804.27 in restitution to Sterling, but denied restitution to USF&G. Defendant now appeals from the judgment of conviction and the restitution order.*

Initially, we reject defendant's contention that the charge of insurance fraud in connection with the 1990 fire was time-barred. Although defendant was indicted 5 years and 24 days after the 1990 fire, the five-year statute of limitations applicable here (see CPL 30.10 [1], [2] [b]) was tolled for the periods when he was "continuously outside this state" pursuant to CPL 30.10 (4) (a). This tolling provision has been interpreted such that "all periods of a day or more that a nonresident defendant is out-of-State should be totaled and toll the Statute of Limitations" (People v Knobel, 94 NY2d 226, 230). Here, the People presented evidence that defendant resided in Vermont

---

* As defendant failed to raise any issue in his brief with respect to the restitution order, the appeal from said order is deemed abandoned (see Matter of Randy K. v Evelyn ZZ., 263 AD2d 624, 624 n 3).

during much of the time after February 1990, held a Vermont driver's license and told a Vermont police officer that he had lived in Rutland, Vermont, for the eight months preceding his 1995 arrest and in Castleton, Vermont, for the preceding seven to eight years. This evidence, together with defendant's admission that he took several multiweek trips outside New York since 1991, met the People's burden of proving his residence outside the state and his absence from the state for more than 24 days. In response, defendant failed to present evidence meeting his burden to show that he was in New York for periods of time totaling five years or more (*see id.* at 229). Defendant's alternate speedy trial argument based on preindictment delay is also unavailing because it is waived (*see People v Lawrence*, 64 NY2d 200, 203-204; *People v Denis*, 276 AD2d 237, 246-247, *lvs denied* 96 NY2d 782, 861).

As to both charges of insurance fraud, the People satisfied the requirements of Penal Law § 176.05 by offering evidence that defendant knowingly submitted a false statement to his insurers. Although the notice of defendant's 1990 property loss was filled out by a nontestifying insurance agent and bore no obviously false information, there is other record evidence that defendant obtained payment by concealing what had occurred. Regardless of who prepared the paperwork, defendant presented a written claim and obtained a payment for his 1990 fire loss that certainly would not have been made by USF&G if he had disclosed that the fire was not accidental. As to the 1993 insurance fraud, the record contains an application for insurance in which defendant failed to disclose that his house had previously been insured and suffered a significant loss. The record also includes claim documents in which defendant concealed that the fire was deliberately set and which establish that, as a result of the concealment, defendant received insurance proceeds. Thus, the jury could rationally conclude that defendant caused the presentation of written statements in which material facts were concealed for the purpose of defrauding his insurers (*see People v Zabala*, 290 AD2d 578, *lv denied* 97 NY2d 735; *People v Massa*, 202 AD2d 954, 955, *lvs denied* 83 NY2d 855, 1005).

However, as to the 1990 insurance fraud charge, we are persuaded that the evidence failed to establish that defendant received "property with a value in excess of fifty thousand dollars" (Penal Law § 176.25). In support of this argument, defendant cites to this statement in County Court's decision denying restitution to USF&G: "The [$100,000] payment by USF&G * * * was a settlement of the [d]efendant's claims and covered

both the water/steam damage loss and the fire loss, and there was no definition of what amount of money was for the water/steam loss and what money was for the fire loss." Since the People never alleged that any payment for water damage was fraudulently obtained, the evidence is insufficient to permit a determination of what portion of the insurance proceeds was the product of defendant's fraudulent conduct, or that such portion exceeded $50,000. Since the record does not support the jury's conclusion that more than $50,000 was received as a result of the 1990 fraudulent claim, defendant's conviction on that count must be reversed. Nevertheless, having found legally sufficient evidence that defendant committed a fraudulent insurance act in 1990 (*see* Penal Law § 176.05), we will reduce defendant's conviction to the lesser included offense of insurance fraud in the fifth degree (*see* Penal Law § 176.10; *see also* CPL 470.15 [2] [a]). Also, "[s]ince defendant has already served a sentence in excess of that which he could have received for the conviction, as reduced, he [should be] resentenced to time served" on that conviction (*People v Corbett*, 129 AD2d 433, 435, *appeal dismissed* 70 NY2d 870).

Finally, we conclude that County Court properly imposed consecutive sentences because arson was not a material element of the insurance fraud charges (*see People v Laureano*, 87 NY2d 640, 643-644; *People v Morrison*, 290 AD2d 808, 809, *lv denied* 98 NY2d 653). However, since the aggregate sentence exceeds the 20-year maximum established in Penal Law § 70.30 (1) (e), it must be reduced and fixed as a term of 10 to 20 years' imprisonment (*see People v McRae*, 284 AD2d 657, 659, *lv denied* 96 NY2d 921). We leave such recalculation to the Department of Correctional Services (*see People v Moore*, 61 NY2d 575, 578; *People v Sheppard*, 273 AD2d 498, 500, *lv denied* 95 NY2d 908). Defendant's remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction of the crime of insurance fraud in the second degree under count one of the indictment to the crime of insurance fraud in the fifth degree and resentencing defendant to time served on said count, and by reducing defendant's aggregate prison sentence to a term of 10 to 20 years; and, as so modified, affirmed. Ordered that the order is affirmed.