■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. CIBOROWSKI, Appellant. [755 NYS2d 113] —Kane, J. Appeals (1) from a judgment of the County Court of Tompkins County (Sherman, J.), rendered November 10, 1997, upon a verdict convicting defendant of the crimes of criminal contempt in the first degree and aggravated harassment in the second degree (seven counts), and (2) by permission, from an order of said court, entered December 7, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In December 1996, a 36-count indictment was filed charging defendant with criminal contempt in the first degree, 17 counts of criminal contempt in the second degree and 17 counts of aggravated harassment in the second degree stemming from his violation of an order of protection directing him to refrain from

contacting his former psychology professor.[1] Defendant had been calling the professor at her office at a community college, making obscene statements to her.

Prior to trial, County Court ordered a psychiatric examination of defendant and conducted a hearing pursuant to CPL article 730 to determine defendant's competency to stand trial. Following the hearing, at which two psychiatrists testified, County Court concluded that defendant was competent. Except for court appearances, defendant remained in the care of the Rochester Psychiatric Center, to which he had been committed following his preliminary hearing.[2] Following the trial, defendant was found guilty of criminal contempt in the first degree and seven counts of aggravated harassment in the second degree. County Court sentenced him to 1⅓ to 4 years' imprisonment on the contempt conviction and seven concurrent terms of one year in jail on the harassment convictions. Thereafter, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the grounds that his counsel was ineffective and he was denied due process of law. The court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his posttrial motion.

Initially, defendant contends that it was error for County Court to find him competent to stand trial. "A defendant is considered incapacitated for the purpose of standing trial if 'as a result of mental disease or defect [he or she] lacks capacity to understand the proceedings against him [or her] or to assist in his [or her] own defense' " (*People v Shiffer*, 256 AD2d 818, 818, *lv denied* 93 NY2d 878, quoting CPL 730.10 [1]). At the competency hearing, County Court heard the testimony of two psychiatrists who had examined defendant. Both psychiatrists agreed that defendant suffered from a delusional disorder, but that he had a factual understanding of the charges against him and the logistics of the judicial process, and he would be able to rationally assist in his defense. The testimony indicated

---

1. This case has a long and convoluted history which began in 1990 when defendant began to regularly visit the professor's office, follow her around the college campus and telephone her with obscene calls, which resulted in, inter alia, the issuance of two separate orders of protection.

2. Defendant was examined at the Tompkins County jail by a psychiatrist who diagnosed defendant as bipolar, paranoid and delusional, and who exhibited signs and symptoms of mental illness. The psychiatrist opined that defendant has a long history of paraphilia, "[a] psychosexual disorder in which unusual or bizarre imagery or acts are necessary for realization of sexual excitement" (Taber's Cyclopedic Medical Dictionary 1579 [19th ed 2001]).

that as long as defendant continued with his antipsychotic medication, he was competent to stand trial. Nowhere in the record is there any indication that defendant was not taking his medication at the time of the CPL article 730 hearing or at the time of trial. Based upon the uncontroverted evidence, the People sustained their burden of proving that defendant was not an incapacitated person within the meaning of CPL 730.10 (*see People v Wood*, 251 AD2d 521, 521, *lv denied* 92 NY2d 1041).

Defendant next contends that County Court improperly accepted his waiver of the insanity defense. At the conclusion of the CPL article 730 hearing, the court asked defendant whether he understood the potential consequences of either raising or waiving the insanity defense, to which defendant responded in the affirmative. Upon further inquiry, defendant stated that he did not wish to raise such a defense. Defendant's attorney indicated that he had previously discussed this issue with defendant and defendant had been consistent in his desire not to raise an insanity defense. Since defendant was competent to stand trial, he was likewise competent to make decisions regarding his defense (*see generally People v McIntyre*, 36 NY2d 10, 17-18; *People v Rodney*, 245 AD2d 394, 395, *lv denied* 91 NY2d 929). The court fully informed defendant of his right to raise the affirmative defense of mental disease or defect and defendant knowingly chose not to assert such a defense. Since the court is without the jurisdiction to, sua sponte, instruct the jury on an affirmative defense or force a defendant to raise such a defense (*see People v Bradley*, 88 NY2d 901, 902, 904; *People v DeGina*, 72 NY2d 768, 776), we find that County Court properly accepted defendant's waiver of the insanity defense.

Next, we reject defendant's argument that County Court improperly denied his application for the appointment and funding of a psychiatric expert. Defendant never made such a request. At best, the defense advised the court that it reserved the right to make such a request after the initial omnibus motion.

We also find no merit to defendant's claim of prosecutorial misconduct as a result of remarks made by the prosecutor in his summation. " '[U]nless defendant can establish substantial prejudice, reversal on the ground of prosecutorial misconduct is not an appropriate remedy' " (*People v Jones*, 213 AD2d 801, 803, *lv denied* 85 NY2d 975, quoting *People v Gutkaiss*, 206 AD2d 628, 631, *lv denied* 84 NY2d 936). Such is not the case here. Examining the prosecutor's comments, we find them to be "properly responsive to defense counsel's summation" (*People*

*v Van Guilder*, 282 AD2d 773, 774, *lv denied* 96 NY2d 836). Even if we were to find such remarks with respect to defendant inappropriate, such impropriety does not warrant reversal.

Finally, as defendant has failed to raise any issues in his brief with respect to the denial of his CPL article 440 motion, the appeal from that order is deemed abandoned (*see People v Chase*, 299 AD2d 597, 598 n).

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.

