◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MARINO, Appellant. [787 NYS2d 100]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered December 12, 2002, convicting him of attempted robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court's determination that the defendant was fit to proceed is accorded great deference (*see People v Abreu,* 303 AD2d 685 [2003]). The Supreme Court properly concluded that the defendant was competent to stand trial (*see* CPL 730.10). The People sustained their burden of proving by a preponderance of the evidence that the defendant was not an incapacitated person (*see People v Mendez,* 1 NY3d 15, 19 [2003]; *People v Wood,* 251 AD2d 521 [1998]).

The Supreme Court properly denied the defendant's requests to withdraw his plea (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Harris,* 61 NY2d 9, 17 [1983]). Moreover, the defendant's contention that he was denied the effective assistance of counsel was unsupported by the record (*see People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Soto,* 245 AD2d 398 [1997]; *People v Torres,* 183 AD2d 862 [1992])

The defendant's belated contention that he was entitled to a CPL 400.15 (5) hearing concerning the predicate felony state-

ments was unpreserved for appellate review (*see* CPL 470.05 [2]). In addition, the claim is not properly before this Court because it was raised for the first time in the defendant's reply brief (*see People v Kalaj,* 247 AD2d 633, 634 [1998]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.