(January 19, 2012)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SPRALLING, Appellant. [937 NYS2d 35]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's determinations of credibility and identification. The fact that the jury acquitted defendant of homicide charges involving the same weapon does not warrant a different conclusion in this case (*see People v Rayam*, 94 NY2d 557 [2000]).

The verdict was not repugnant, and the court properly denied defendant's application to resubmit the case to the jury. Defendant's acquittal of second-degree murder and first-degree manslaughter did not negate any essential element of second-degree criminal possession of a weapon (*see People v Muhammad*, 17 NY3d 532 [2011]; *People v Tucker*, 55 NY2d 1, 7 [1981]). Because a repugnancy analysis requires that "we review the elements of the offenses as charged to the jury without regard to the proof that was actually presented at trial," no basis exists to hold the verdict was repugnant (*People v Muhammad* at 542). Here, based on the instructions to the jury, they could have found that defendant possessed the gun with the intent to use it unlawfully even though they acquitted on the murder and manslaughter counts, crimes that require a different intent.

The prosecutor's summation did not deprive defendant of a fair trial. The only one of defendant's challenges to the summation that is arguably preserved is his claim that the prosecutor shifted the burden of proof when he commented on defendant's introduction of a document, instead of calling the declarant himself, as part of the defense case. We conclude that the prosecutor's brief remark was directly responsive to a portion of defendant's summation, and constituted permissible comment on an alleged weakness in the defense case. Defendant's remaining arguments concerning the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court properly exercised its discretion in denying defendant's application for a mistrial, the only remedy requested, when one of the People's witnesses testified that he received threats from a close friend of defendant. The court sustained defendant's objection and struck a portion of the witness's testimony.

Under the circumstances, this was sufficient to prevent any prejudice (*see People v Davis*, 58 NY2d 1102 [1983]).

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.