■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKIVA DANIEL ABRAHAM, Appellant. [942 NYS2d 708]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 15, 2010 in Albany County, upon a verdict convicting defendant of the crime of insurance fraud in the second degree.

In April 2009, a fire destroyed an abandoned nightclub, which was known as Saratoga Winners, and had recently been acquired by a limited liability company—1st Call, LLC—that defendant owned. Defendant claimed that he did not know the cause of the fire when notifying his insurance company of the loss. After evidence was uncovered suggesting that defendant had intentionally set the blaze, he was charged in an indictment with arson in the third degree, insurance fraud in the second degree and reckless endangerment in the first degree. Defendant's first trial ended in a hung jury, but he was convicted of insurance fraud in the second degree after a second trial. Supreme Court sentenced defendant to a prison term of 4 to 12 years, and he now appeals.

Defendant initially contends that the evidence was not legally sufficient for the jury to determine that he knowingly submit-

---

ing than those it heard orally (*see People v Owens*, 69 NY2d 585, 591 [1987]; *People v Townsend*, 67 NY2d 815, 817 [1986]).

ted a false, written statement to his insurer concealing a material fact—i.e., that the fire was intentionally set (*see* Penal Law § 176.05 [1]; § 176.25; *People v Chase*, 299 AD2d 597, 599 [2002], *lv denied* 99 NY2d 613 [2003]). The record reveals that defendant acquired the property shortly before the fire and had taken out a large insurance policy on it, the value of which was based upon a $475,000 mortgage granted to a separate limited liability company, Parel Road, LLC, which was controlled by defendant and his father. That company had not actually provided any funds to purchase the parcel, however, and had roughly $25 in its checking account at the time. Thus, the fire raised the potential for a substantial cash payout to defendant, and he told one of his employees that "it could be big for us." Although defendant denied knowing the cause of the fire, he stated to investigators that he could think of no natural explanation and could not recall whether he had locked the building. Investigators further learned that defendant had purchased substantial quantities of an accelerant found at the crime scene, empty containers of which were subsequently recovered from his home.

In our view, the jury could have rationally concluded from this evidence that defendant committed insurance fraud by concealing the cause of the fire (*see People v Chase*, 299 AD2d at 599). We reject defendant's argument that his acquittal on the arson count renders the guilty verdict of insurance fraud repugnant. He does not dispute that such an outcome has previously been upheld (*see People v Pagan*, 87 AD3d 1181, 1182-1183 [2011], *lv denied* 18 NY3d 885 [2012]; *People v Michael*, 210 AD2d 874, 874 [1994], *lv denied* 84 NY2d 1035 [1995]), but maintains that the verdict is repugnant here given the People's reliance upon the theory that he acted alone in starting the fire. Insurance fraud, however, requires only a showing "that defendant intentionally *concealed the cause of the fire* on [his] insurance claim," not that he was personally responsible for starting the blaze (*People v Pagan*, 87 AD3d at 1183; *see People v Michael*, 210 AD2d at 874). Supreme Court's jury charge reflected this distinction, and a "repugnancy analysis requires that we review the elements of the offenses as charged to the jury without regard to the proof that was actually presented at trial" (*People v Muhammad*, 17 NY3d 532, 542 [2011]). Inasmuch as "there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant" (*id.* at 540; *see People v Spralling*, 91 AD3d 510, 511 [2012]).

Finally, the People's reference during summation to evidence regarding the mortgage on the property did not constitute an improper attempt to introduce a new theory of liability on the

insurance fraud count, as defendant asserts. That evidence was mentioned in both opening statements and explored at length during the trial. Contrary to defendant's assertions, the People did not argue that the charged insurance fraud arose directly from the mortgage, but instead relied upon the evidence to place the mortgage in the larger context of an alleged arson-for-profit scheme. Inasmuch as defendant was provided with fair notice of the accusations against him, and the People's comments in summation were fully consistent with the indictment, reversal is not required (*see People v Grega*, 72 NY2d 489, 496 [1988]). Moreover, the prosecutor was free to refer to the evidence regarding the mortgage and "the inferences to be drawn therefrom," and his references to the mortgage as "bogus" or "a fraud" in his opening statement and summation did not constitute misconduct (*People v Bailey*, 58 NY2d 272, 277 [1983]; *see People v Racine*, 132 AD2d 899, 900 [1987], *lv denied* 70 NY2d 754 [1987]).

Lahtinen, Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).