### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 25, 2015                    105768
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

NINA C. GARCIA, Now Known as
    NINA HOPKINS,
                    Appellant.
_____

Calendar Date:  May 5, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Rose, JJ.

_____

        Francisco P. Berry, Ithaca, for appellant.

        Mark D. Suben, District Attorney, Cortland (Elizabeth
McGrath of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Cortland
County (Campbell, J.), rendered February 21, 2013, upon a verdict
convicting defendant of the crimes of grand larceny in the fourth
degree, criminal possession of stolen property in the fourth
degree, forgery in the third degree and petit larceny.

        Defendant was arrested after she stole a coworker's credit
card and used it to purchase items at two retail locations.  As a
result, defendant was charged in an indictment with various
theft-related crimes.  Following a jury trial, she was convicted
of grand larceny in the fourth degree, criminal possession of
stolen property in the fourth degree, forgery in the third degree
and petit larceny.  Defendant thereafter was sentenced as a
second felony offender to consecutive terms of 2 to 4 years in
prison on the grand larceny and criminal possession convictions,

and to one year in jail on each of the remaining convictions, to run concurrently.  Defendant appeals.

Defendant's sole challenge is to the legality of the sentence.  Specifically, she contends that County Court was required, pursuant to Penal Law § 70.25 (2), to direct that the sentences for the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree run concurrently, rather than consecutively.  We disagree.  Penal Law § 70.25 (2) provides that sentences must run concurrently, "[w]hen more than one sentence of imprisonment is imposed . . . for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other."  Here, defendant's act of stealing the credit card constituted the crime of grand larceny in the fourth degree (see Penal Law § 155.30 [4]), and her act of possessing that credit card with the intent to benefit herself constituted the crime of criminal possession of stolen property in the fourth degree (see Penal Law § 165.45 [2]; see also People v Morrison, 290 AD2d 808, 809-810 [2002], lv denied 98 NY2d 653 [2002]).  Under the definitions set forth in the Penal Law, these crimes entailed separate acts.  Moreover, inasmuch as the statutory elements of the larceny offense are distinct from the possessory offense, one is not a component of the other, nor do the material elements of these offenses overlap (see People v Day, 73 NY2d 208, 211-212 [1989]).  Therefore, we conclude that County Court was not required by Penal Law § 70.25 (2) to impose concurrent sentences.

Lahtinen, J.P., McCarthy, Egan Jr. and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court