People v Musaid (2019 NY Slip Op 00363)





People v Musaid


2019 NY Slip Op 00363


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Renwick, J.P., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


8136 5911/07

[*1]The People of the State of New York, Respondent,
v
Mohamed Musaid, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered April 12, 2016, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years to life and 5 years, unanimously affirmed.
The court properly found defendant fit to proceed to trial following CPL article 730 examinations. The ultimate expert findings, and defendant's statements, showed that he "evinced an understanding of the purpose of a trial, the actors in a trial, their roles, the nature of the charges against him, and the severity of a potential conviction and sentence" (People v Phillips, 16 NY3d 510, 518 [2011]). Despite defendant's claims of innocence in the face of overwhelming evidence of his guilt, the most recent set of expert reports provided "no indication that [he] was unable to understand the proceedings and assist in his defense" (People v Snyder, 29 AD3d 310, 310 [1st Dept 2006], lv denied 7 NY3d 818 [2006]). Although defendant engaged in some conspiratorial thinking, this did not render him unfit in light of his general understanding of the proceedings (see e.g. People v Jackson, 39 AD3d 394, 394 [1st Dept 2007], lv denied 9 NY3d 845 [2007], cert denied 553 US 1011 [2008]). "The court reasonably credited experts who found that defendant's psychiatric symptoms had been alleviated by compliance with his medication regimen, thus rendering his past history an unreliable indicator of his present competency" (People v Breckenridge, 162 AD3d 425, 426 [1st Dept 2018], appeal dismissed __ NY3d __, 2018 NY Slip Op 88505 [2018]). We also find that there was nothing in defendant's behavior during trial that obligated the court to order yet another examination, sua sponte.
Having found defendant competent to stand trial, the court properly permitted him to decline to assert an insanity defense (see People v Ciborowski, 302 AD2d 620, 622 [3d Dept 2003], lv denied 100 NY2d 579 [2003]). The court was not required to conduct an inquiry analogous to the procedure for accepting a defendant's waiver of the right to counsel (see People v Petrovich, 87 NY2d 961, 964 [1996]). In any event, "[t]he court fully informed defendant of his right to raise the affirmative defense of mental disease or defect and defendant knowingly chose not to assert such a defense" (Ciborowski, 302 AD2d at 622).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK