People v Benjamin (2020 NY Slip Op 06281)





People v Benjamin


2020 NY Slip Op 06281


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-10952
 (Ind. No. 3707/08)

[*1]The People of the State of New York, respondent,
v
Herburtho Benjamin, appellant.


Steven A. Feldman, Manhasset, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Neil Jon Firetog, J.), entered August 21, 2017, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered July 16, 2009, convicting him of manslaughter in the second degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
In 2009, the defendant was convicted, upon a jury verdict, of manslaughter in the second degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree. In 2016, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel by, inter alia, his trial counsel's failure to object to the prosecutor's comments in her opening statement insinuating that he was a gang member or to request a curative instruction, and his failure to request a missing witness charge for a witness. The Supreme Court denied the defendant's motion.
The defendant did not allege facts establishing that he was deprived of the effective assistance of counsel. He failed to demonstrate the absence of strategic or other legitimate explanations for his trial counsel's failure to object to the prosecutor's opening comments or to request a curative instruction (see People v Rivera, 71 NY2d 705, 709). "It is elementary that a claim of ineffective assistance of counsel requires proof of less than meaningful representation, rather than simple disagreement with trial strategies and tactics" (People v Torres, 183 AD2d 862, 862). Further, the testimony of the alleged missing witness would have been immaterial and cumulative. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success'" (People v Caban, 5 NY3d 143, 152, quoting People v Stultz, 2 NY3d 277, 287).
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion to vacate the judgment of conviction.
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court