People v Hines (2023 NY Slip Op 04139)

People v Hines

2023 NY Slip Op 04139

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05733
 (Ind. No. 181/19)

[*1]The People of the State of New York, respondent,
v
William Hines, appellant.

Jason M. Bernheimer, Chappaqua, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered March 3, 2020, convicting him of robbery in the second degree, assault in the second degree, robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of robbery in the second degree, assault in the second degree, robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree arising out of charges that, inter alia, he stole property from three individuals on three separate occasions in 2019. At the trial, among other things, the People presented evidence that, with respect to one of the incidents, the defendant was identified by a complainant as the person who had forcibly taken his property during a showup identification procedure shortly after the incident.
Contrary to the defendant's contention, the showup identification procedure, which took place approximately two city blocks away from where the incident occurred and within 10 to 15 minutes after the incident, was not unduly suggestive (see People v Ogando, 194 AD3d 963, 963; People v Lancaster, 166 AD3d 807, 808).
In addition, the County Court did not err in denying the defendant's pretrial motion pursuant to CPL 210.20 and 190.50 to dismiss the charges relating to two of the incidents. The People provided the defendant with reasonable notice of the grand jury presentation related to those charges (see People v Sawyer, 96 NY2d 815, 816; People v Williams, 139 AD3d 766, 766), and the defendant failed to serve written notice on the People indicating his desire to testify. The defendant's oral statement in court on a separate matter that he "would like to be present at the grand jury[,]" did not satisfy his obligation to provide written notice of his intention to testify pursuant to CPL 190.50(5)(a) (see People v Smith, 174 AD3d 655, 656-657; People v Sain, 111 AD3d 964, 965).
Likewise, the defendant's motion which was, in effect, to renew his motion to dismiss those charges was also properly denied. The defendant failed to demonstrate the absence of strategic or other legitimate explanations for his attorney's decision to waive the defendant's CPL 190.50 [*2]rights and, in any event, did not demonstrate that he was prejudiced by the waiver of those rights (see People v Hogan, 26 NY3d 779, 787; People v Benjamin, 188 AD3d 715, 716).
The purported failure of defense counsel to provide such written notice was not ineffective assistance of counsel (see People v Hogan, 26 NY3d at 786-787; People v Rogers, 228 AD2d 623, 623). Notably, the defendant later testified at trial and was nonetheless convicted (see People v Boodrow, 205 AD3d 1134, 1136; People v Benjamin, 188 AD3d at 716).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Based on the jury charge, the County Court correctly concluded that the jury's initial verdict was repugnant with respect to counts 1 and 2 (see CPL 310.50[2]; People v DeLee, 24 NY3d 603, 608; People v Williams, 64 AD3d 734, 735). Contrary to the contention of the defendant, the court's remedy in explaining the error, rereading the elements of the repugnant counts in the verdict, and directing the jury to reconsider those counts was not error (see CPL 310.50[2]; People v DeLee, 24 NY3d at 610; People v Williams, 64 AD3d at 735).
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court