People v Rodriguez (2024 NY Slip Op 00786)

People v Rodriguez

2024 NY Slip Op 00786

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2016-12401
 (Ind. No. 771/15)

[*1]The People of the State of New York, respondent,
v
Ralph Rodriguez, appellant.

Twyla Carter, New York, NY (Amy Donner of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Amanda Ianuzzi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered November 16, 2016, convicting him of robbery in the second degree, criminal possession of a weapon in the third degree, grand larceny in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, raised in his pro se supplemental brief, the Supreme Court properly denied his motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial pursuant to CPL 30.30(1)(a). The total time chargeable to the People was within the permitted six calendar months (see id. § 30.30[1][a]; [4]).
The Supreme Court also properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. The defendant was identified by the complainant during a showup procedure conducted near the crime scene. "Showup procedures, although generally disfavored, are permissible where employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification" (People v Castro, 149 AD3d 862, 863; see People v Duuvon, 77 NY2d 541, 544). Here, the evidence adduced at the suppression hearing established that the showup procedure took place approximately six to eight minutes after the crime occurred and approximately four blocks away from the crime scene (see People v Castro, 149 AD3d at 863; People v Williams, 143 AD3d 847, 848). Contrary to the defendant's contention, under the facts presented here, the showup procedure was not rendered unduly suggestive because the defendant was handcuffed and in the presence of uniformed police officers and police cars (see People v Williams, 143 AD3d at 848; People v Charles, 110 AD3d 1094, 1096) or because the identification was made in the vicinity of recovered property (see People v Baez, 175 AD3d 553, 554; People v Fox, 11 AD3d 709, 709).
Contrary to the defendant's contention raised in his pro se supplemental brief, the Supreme Court did not improperly curtail his cross-examination of a police witness. The nature and extent of cross-examination is subject to the sound discretion of the trial judge (see People v Soto, [*2]177 AD3d 781, 782). Here, the court properly permitted counsel for the defendant to impeach the police witness with a prior inconsistent statement, then properly sustained objections to further questioning on the same issue (see People v Wright, 160 AD3d 667, 670).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Hines, 219 AD3d 506, 507). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention raised in his pro se supplemental brief that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Farrow, 216 AD3d 996, 999; People v Yancey, 204 AD3d 1044, 1045).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The remaining contentions, raised in the defendant's pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court