■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LADSON, Appellant. [749 NYS2d 22] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered May 17, 1995, convicting defendant, after a jury trial, of four counts of murder in the second degree (two counts each of intentional

and felony murder), and sentencing him to an aggregate term of 40 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The circumstantial evidence, including physical evidence, evidence of motive, incriminating aspects of defendant's statements to the police, and testimony of witnesses who saw defendant taking the victims' property, clearly established defendant's guilt (*see People v Levine*, 65 NY2d 845). The evidence excluded beyond a reasonable doubt any possibility that only the codefendant was criminally liable for the victims' deaths. Defendant's acquittal as to certain counts does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557). Defendant's statement plainly established that defendant committed robbery as the underlying crime for felony murder.

Defendant's motion to suppress statements was properly denied. Under the totality of circumstances, defendant's will was not overborne and his statements were voluntary (*see Arizona v Fulminante*, 499 US 279, 285-288; *People v Anderson*, 42 NY2d 35, 38), notwithstanding the interrogating officer's appeal to defendant's religious beliefs, and his use of a deception (*see People v Tarsia*, 50 NY2d 1, 11).

Defendant's motion to suppress physical evidence was properly denied. Defendant lacked standing to challenge the search of the portable safe that was stolen from the victims and found by the police in the apartment which defendant shared with the codefendant (*see People v Brown*, 244 AD2d 348, *lv denied* 91 NY2d 870; *People v Williams*, 173 AD2d 663, 664, *lv denied* 78 NY2d 976). It was defendant's burden to establish at the hearing that he actually had a reasonable expectation of privacy in the safe (*People v Wesley*, 73 NY2d 351; *People v Rodriguez*, 69 NY2d 159), not that the police should have believed he had such an expectation. In any event, defendant's roommate consented to admit the police to the apartment, told them that both he and defendant used the safe, and gave them permission to look inside the safe and take it. The record also supports the court's finding that the issuance of the warrant for the subsequent search of defendant's apartment complied with all statutory requirements.

We perceive no basis to reduce defendant's sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Buckley, Ellerin and Marlow, JJ.