■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAREEF EVANS, Appellant. [891 NYS2d 290]—

The defendant contends that he was denied the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 687 [1984]; *People v Henry*, 95 NY2d 563, 566 [2000]). To the extent that the defendant's claim of ineffective assistance of counsel involves matter dehors the record, it may not be reviewed on direct appeal (*see People v Dashosh*, 59 AD3d 731, 731-732 [2009]; *People v Monroe*, 52 AD3d 623 [2008]). To the extent that the claim may be reviewed, defense counsel provided effective assistance (*see Strickland v Washington*, 466 US at 698-699; *People v Benevento*, 91 NY2d 708, 712-715 [1998]). The

arguments the defendant contends defense counsel should have advanced would not have resulted in the suppression of the defendant's statement (*see People v Hernandez,* 49 AD3d 335, 336 [2008]; *People v Ladson,* 298 AD2d 314 [2002]; *People v Richardson,* 202 AD2d 958 [1994]; *People v. Belgenio,* 164 AD2d 865, 866 [1990]; *People v Perry,* 77 AD2d 269, 273 [1980]). Counsel's failure to raise the statute of limitations as a defense to the first-degree manslaughter count reflects a legitimate trial strategy of a reasonably competent attorney (*see People v Turner,* 5 NY3d 476, 483-484 [2005]; *People v Benevento,* 91 NY2d at 712; *People v Satterfield,* 66 NY2d 796, 799 [1985]). Viewing the record as a whole (*see People v Benevento,* 91 NY2d at 712; *People v Adelman,* 36 AD3d 926, 928 [2007]), counsel pursued a viable defense strategy, adequately cross-examined the People's witnesses, and provided a cogent summation. Accordingly, the defendant received the effective assistance of counsel. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.