■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. KUAR, Appellant. [900 NYS2d 654]—Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered May 28, 2008, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his trial counsel failed to inform him of the potential immigration consequences of his plea. Pursuant to *Padilla v Kentucky* (559 US —, 130 S Ct 1473), the failure of defense counsel to advise a defendant of the deportation consequences of a plea of guilty constitutes a violation of the defendant's Sixth Amendment right to counsel.

Here, however, the defendant's contention that counsel failed to inform him of the deportation consequences of his plea involves matter dehors the record which cannot be reviewed on direct appeal (*see People v Evans*, 69 AD3d 649 [2010]; *People v Delarossa*, 57 AD3d 559 [2008]; *People v Mendoza*, 54 AD3d 1059 [2008]; *People v Rivera*, 33 AD3d 942 [2006]).

Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, the defendant's counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 714 [1998]; *People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Pooler*, 58 AD3d 757 [2009]).

The defendant's remaining contentions are without merit. Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur.