■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN DEL, Appellant. [916 NYS2d 103]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered February 22, 2008, as amended March 4, 2008, convicting defendant of criminal sexual act in the first degree (two counts) and robbery in the first degree, and sentencing him to an aggregate term of five years, and order, same court and Justice, entered on or about October 6, 2009, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The victim's version of the incident was strongly supported by the physical evidence found in defendant's car immediately after the crime, including condom and lubricant wrappers, a box cutter in a fully opened position, and the victim's purse, which was on the front seat of defendant's car, but which defendant testified he had not seen.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). The motion court correctly concluded that trial counsel pursued a reasonable strategy, in which he made selective use of some of the victim's prior inconsistent statements. At the same time, counsel avoided confronting the victim with other inconsistencies that would likely have elicited only a denial or a plausible explanation. Counsel could have reasonably concluded that use of the additional inconsistencies now cited by defendant would have been futile or counterproductive. Furthermore, counsel's use of impeachment material that also contained some prior consistent statements by the victim was reasonable. There is no merit to defendant's complaint about his counsel's unsuccessful efforts to introduce defendant's own prior consistent statement, since, under the circumstances of the case, it was inadmissible under any theory.

Accordingly, we conclude that the acts or omissions of counsel that defendant challenges met an "objective standard of reasonableness" (*Strickland*, 466 US at 688). In any event, we also conclude that none of these acts or omissions, viewed individually or collectively, had a reasonable probability of affecting the outcome or depriving defendant of a fair trial (*id.* at 694).

The court properly exercised its discretion (*see People v Samandarov*, 13 NY3d 433, 439-440 [2009]) in denying the CPL 440.10 motion without holding a hearing. The trial record and the parties' submissions were sufficient to decide the motion, and there was no factual dispute requiring a hearing (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]).

Finally, defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The challenged comments were generally permissible, and to the extent that any comments might be viewed as inappropriate, they did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976

[1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). We reject that portion of defendant's ineffective assistance claim that cites counsel's failure to object to the summation remarks at issue on appeal. We conclude that counsel's failure to make these objections did not deprive defendant of a fair trial, affect the outcome of the case, or cause defendant any prejudice. Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Abdus-Salaam, JJ.