[949 NE2d 457, 925 NYS2d 366]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHA-
REEF EVANS, Appellant.

Argued February 16, 2011; decided March 31, 2011

**POINTS OF COUNSEL**

*Legal Aid Society*, New York City (*William B. Carney* and *Steven Banks* of counsel), for appellant. Appellant was deprived of his due process rights (a) to effective post-conviction review by the Appellate Division's refusal to consider the actual reasons for counsel's failing to raise the statute of limitations defense, and (b) to effective assistance of counsel when his trial lawyer acknowledged that he did not raise the statute of limitations defense because he was completely unaware of this absolute defense, and also failed to reopen the *Huntley* hearing after the lead detective told a critically different account of how appellant's statement was obtained. (*Strickland v Washington*, 466 US 668; *People v Baldi*, 54 NY2d 137; *People v Caban*, 5 NY3d 143; *People v Benevento*, 91 NY2d 708; *People v Turner*, 5 NY3d 476; *Massaro v United States*, 538 US 500; *People v Brown*, 45 NY2d 852; *Walker v Dalsheim*, 669 F Supp 68; *People v Ramos*, 63 NY2d 640; *People v Love*, 57 NY2d 998.)

*Richard A. Brown, District Attorney*, Kew Gardens (*Jennifer Hagan* and *John M. Castellano* of counsel), for respondent. I.

This Court is jurisdictionally barred from reviewing defendant's claim that his attorney was ineffective because he was unaware that he could raise a statute of limitations defense to the manslaughter charges. (*People v Sevencan*, 12 NY3d 388; *People v Bautista*, 7 NY3d 838; *Matter of State of New York v King*, 36 NY2d 59; *People v Zerillo*, 200 NY 443; *People v Grossmann*, 87 NY2d 1003; *People v Jones*, 85 NY2d 882; *People v Ginsberg*, 43 NY2d 715; *People v Sommer*, 33 NY2d 688; *People v Kim*, 91 NY2d 407; *People v Kellar*, 89 NY2d 948.) II. The Appellate Division correctly found that defendant received the effective assistance of counsel at trial. (*People v Benevento*, 91 NY2d 708; *People v Baldi*, 54 NY2d 137; *People v Baker*, 14 NY3d 266; *People v Satterfield*, 66 NY2d 796; *People v Borrell*, 12 NY3d 365; *People v Turner*, 5 NY3d 476; *People v Henry*, 95 NY2d 563; *People v Flores*, 84 NY2d 184; *Strickland v Washington*, 466 US 668; *Arizona v Fulminante*, 499 US 279.)

**OPINION OF THE COURT**

PIGOTT, J.

The primary issue presented on this appeal is whether defendant's trial counsel was ineffective for failing to raise a statute of limitations defense. Based on the record before us, we conclude that he was not.

On October 3, 1993, defendant, 15 years old at the time, shot and killed a cab driver in Queens. Nearly eight years later, he was indicted on three counts of murder in the second degree (Penal Law § 125.25 [1], [2], [3]) and one count of manslaughter in the first degree (Penal Law § 125.20). The manslaughter count was subject to a five-year statute of limitations (*see* CPL 30.10 [2] [b]).

Following a bench trial, defendant was acquitted of murder but convicted of manslaughter.

Defendant then appealed his conviction and at about the same time, through assigned counsel, filed a motion pursuant to CPL 440.10 to vacate his conviction. In his motion he claimed, as relevant to this appeal, that his attorney was ineffective for failing to raise the statute of limitations defense with respect to the manslaughter count.[1] Trial counsel saw fit to provide two affirmations with respect to the motion, one for each side. In the

---

1. There were actually two CPL 440.10 motions; one by the defendant pro se, the other filed by assigned counsel. We are dealing here with the one filed by counsel.

affirmation provided for defendant, he stated that he did not consider raising any defense at all and that "perhaps [he] was mistaken and 'maybe [he] had missed something.' " In the affirmation he provided the People, he averred that "[h]ad [he] considered a statute of limitations defense . . . , [he] would not have raised it, because [he] would have wanted the Court to consider the manslaughter charge as an alternative to potentially finding defendant guilty of the greater charge of murder." Instead of deciding the motion on the merits, Supreme Court found that sufficient facts appeared on the record with respect to the issues raised to permit adequate review on direct appeal and denied the motion. Defendant sought leave to appeal the denial of his motion and to consolidate that appeal with his direct appeal, but a Justice of the Appellate Division denied that application.

Defendant then proceeded with his direct appeal. The Appellate Division unanimously affirmed the conviction finding, as relevant here, that defendant's claims of ineffective assistance of counsel involved matters *outside* the record, and that those matters may not be reviewed on appeal (69 AD3d 649 [2d Dept 2010]). To the extent that the claim could be reviewed, the court held that counsel's failure to raise the statute of limitations defense reflected a legitimate trial strategy of a reasonably competent attorney, noting, in addition, that counsel adequately cross-examined the People's witnesses, and provided a cogent summation.

A Judge of this Court granted defendant leave to appeal and we now affirm.

█ As an initial matter, defendant here found himself in a dilemma when the trial court denied his CPL 440.10 motion because, in its view, the issue was sufficiently preserved on his direct appeal, only to find that the appellate court disagreed. As a result, trial counsel's affirmations, concerning his failure to raise the statute of limitations defense, were never properly considered by any court. Although the attorney's affirmations are not dispositive of the ineffective assistance claim, they plainly are relevant. This problem could have easily been remedied had the Appellate Division granted leave on the CPL 440.10 motion and consolidated it with the direct appeal—a solution we hope our appellate courts will consider in the future

should this situation arise.[2] But because the Appellate Division denied defendant leave on his article 440 motion, we are limited to a review of the record before us. And, unless it is clear from the record that there could not have been any legitimate trial strategy for failing to raise the statute of limitations defense, we must deny defendant relief (*cf. People v Turner*, 5 NY3d 476, 483-484 [2005]). Here, we agree with the Appellate Division that on the record before us, it cannot be said that counsel did not provide meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

We have previously ruled that the single error of failing to raise a statute of limitations defense may qualify as ineffective assistance. In *People v Turner* (5 NY3d 476 [2005]), we held that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to raise the five-year statute of limitations with respect to a manslaughter count. There, counsel had objected to the submission of the manslaughter count, so it was clear from the record that counsel did not want the jury to consider it as an alternative to murder, yet trial counsel inexplicably failed to support the objection by raising a clear statute of limitations defense. But we have also recognized that in many cases a defendant who thinks his chances of acquittal are small may welcome giving the jury an opportunity to consider a lesser charge (*id.* at 483-484, citing *People v Boettcher*, 69 NY2d 174, 182 n 3 [1987]).

■ The issue here, then, is whether counsel's failure to raise the defense reflects a legitimate trial strategy of a reasonably competent attorney. In *People v Satterfield* (66 NY2d 796, 799 [1985]), we held that in ineffective assistance cases, counsel's *subjective* reasons for a decision are immaterial, so long as "[v]iewed *objectively*, the transcript and the submissions reveal the existence of a trial strategy that might well have been pursued by a reasonably competent attorney" (emphasis

---

**2.** (*See* Edelstein, Outside Counsel, *Ineffective Assistance of Counsel, N.Y. Collateral Review*, NYLJ, Mar. 3, 2008, at 4, col 4.) The federal courts have recently resolved the problem that arises when an ineffective assistance of counsel claim involves such "mixed claims" relating to both record-based and nonrecord-based issues (*see Massaro v United States*, 538 US 500 [2003]). An ineffective assistance of counsel claim may be brought in a collateral proceeding, *whether or not* the petitioner could have raised the claim on direct appeal. When such a claim is brought on direct appeal, the federal courts have reasoned, appellate counsel and the court must proceed on a trial record that was not developed precisely for the object of litigating or preserving the claim and is often incomplete or inadequate for this purpose (*id.* at 504-505).

added). Here, there is no dispute that the manslaughter count was barred by the statute of limitations and that such a defense, if raised by trial counsel, would have been successful. But at the time of trial, defendant was facing second-degree murder charges with an admission that he had fired the shot that caused the cab driver's death. Therefore, had the manslaughter count been dismissed prior to verdict, the trier of fact would have been left with murder as the only choice if defendant was to be found criminally responsible for the homicide. So allowing the trial court to consider the manslaughter count would be a legitimate strategy. And it is clear from the record that the defense counsel in this case wanted the court to do just that. During summation, he specifically requested that the court consider the manslaughter count on the theory that defendant stated that he took out the weapon to stop a robbery. Based on differing trial strategies, defense counsel then argued that defendant should be acquitted of all of the counts or be convicted only of manslaughter.

As to the other issue raised on this appeal, we reject defendant's claim that defense counsel was ineffective for failing to move to reopen the suppression hearing since, on this record, it is clear that it would not have resulted in a different ruling.

Accordingly, the order of the Appellate Division should be affirmed.

JONES, J. (dissenting). On this record, I believe that defendant received ineffective assistance of counsel. Therefore, I respectfully dissent.

Defendant was convicted in 2005 of manslaughter in connection with a homicide which occurred in 1993. At the same trial, he was acquitted of murder. There is no dispute that the manslaughter charge was time-barred. The sole issue is whether the failure to object to the charge was a deliberate trial strategy or amounted to ineffective assistance of counsel.

Following his conviction, defendant filed a pro se motion pursuant to CPL 440.10. He contended that he had received ineffective assistance of counsel because counsel failed to object on the ground that the five-year statute of limitations relating to the manslaughter charge had expired (see CPL 30.10 [2] [b]). Supreme Court denied defendant's motion. The court accepted the People's contention that defendant could raise the issue of ineffective assistance of counsel on direct appeal. A Justice of the Appellate Division denied defendant's application for leave to appeal from the denial of the motion.

On direct appeal, the Appellate Division affirmed the judgment of conviction. Although trial counsel submitted affirmations acknowledging ignorance of the statute of limitations defense, the court held that they were matters outside the record, which could not be reviewed. On the record, however, the court held, among other things, that defense counsel provided effective assistance. It concluded that "[c]ounsel's failure to raise the statute of limitations as a defense to the first-degree manslaughter count reflect[ed] a legitimate trial strategy of a reasonably competent attorney" (69 AD3d 649, 650 [2010]). This conclusion was speculative and unsupported by the record.

This record is sufficient to resolve defendant's ineffective assistance of counsel claim in his favor. As a threshold matter, I disagree with my colleagues regarding the relevancy of trial counsel's affirmations (*see* majority op at 574). An affirmation by trial counsel regarding his internal deliberations on how to proceed is immaterial (*see People v Satterfield*, 66 NY2d 796, 799 [1985] ["counsel's subjective reasons for (a decision are) immaterial"]). It is how trial counsel proceeded *on the record* which is of importance in this matter. It is clear on this record that neither the court nor the parties recognized that the manslaughter charge was time-barred (*cf. People v Mills*, 1 NY3d 269 [2003]). Moreover, acknowledging that the manslaughter charge was time-barred on the record would not have removed the charge from consideration. Contrarily, it would have been objective proof of defense counsel's trial strategy to have the *time-barred* manslaughter charge considered by the trial court; in addition, it might have constituted a waiver of the defense (*see id.*). In *Mills*, the defendant had been charged with second-degree murder, but in a pretrial motion and a subsequent charge conference, he affirmatively requested that lesser included offenses be submitted to the jury (*id.* at 272). The trial court considered the request, conditioned upon "defendant's 'understanding that, if convicted of any lesser included offense, he has waived his objection on statute of limitation[s] grounds' " (*id.*). Unlike *Mills*, where there was an objective basis in the record to conclude that the affirmative request for the lesser included charges was a form of trial strategy, this record fails to demonstrate such a deliberate choice by defense counsel. Because the record clearly demonstrates that defendant should not have been charged with manslaughter, as its statute of limitations had run and no tolling provisions applied, and neither party nor

the court recognized that the charge was time-barred, defendant's ineffective assistance of counsel claim can be resolved on the existing record alone (*see People v Benevento*, 91 NY2d 708 [1998]), and, for the foregoing reasons, should be resolved in defendant's favor.

Effective assistance of counsel is a right guaranteed by the Sixth Amendment of the United States Constitution and article I, § 6 of the State Constitution (*see People v Baldi*, 54 NY2d 137, 146 [1981]). It is a right that exists "to protect the fundamental right to a fair trial" (*Strickland v Washington*, 466 US 668, 684 [1984]). A defendant's "constitutional rights are violated if a defendant's counsel fails to meet a minimum standard of effectiveness, and defendant suffers prejudice from that failure" (*People v Turner*, 5 NY3d 476, 479 [2005]).

In rare cases, "a single failing in an otherwise competent performance is so 'egregious and prejudicial' as to deprive a defendant of his constitutional right" that it can bring about ineffective assistance of counsel (*id.* at 480). It is most obvious when counsel "fail[ed] to raise a defense as clear-cut and completely dispositive as a statute of limitations. Such a failure, in the absence of a reasonable explanation for it, is hard to reconcile with a defendant's constitutional right to the effective assistance of counsel" (*id.* at 481).

Similar to the case at bar, in *Turner*, the defendant was indicted for murder in the second degree. At trial, the prosecutor asked that the jury be instructed to consider the lesser included offense, manslaughter in the first degree, which was time-barred. Defense counsel objected, but failed to specifically invoke the statute of limitations. The defendant was acquitted of second-degree murder, but convicted of first-degree manslaughter. After his conviction, the defendant unsuccessfully tried to raise the statute of limitations issue through his appellate counsel. Appellate counsel failed to argue that issue on direct appeal, and his conviction was affirmed.

This Court subsequently considered the issue on defendant's second petition for a writ of error coram nobis. Although the ultimate issue in *Turner* involved ineffective assistance of appellate counsel, the question "depend[ed] on how strong defendant's statute of limitations defense was" (5 NY3d at 481). The *Turner* Court concluded that the statute of limitations defense "was a winning argument [and] that trial counsel could not reasonably have thought that the defense was not worth raising" (*id.*).

In the *Turner* case, because trial counsel objected to the manslaughter charge without arguing that the charge was time-barred, no reasonable explanation existed for failing to raise that specific defense. The record in *Turner*, as in the instant case, did not support the conclusion that counsel had waived the defense. Though the circumstances of ineffective assistance of counsel in *Turner* differ from that of this case, the principle remains the same. Defendants were convicted of manslaughter despite the existence of the clear-cut and dispositive defense of the statute of limitations to those charges. Such a failure to raise the defense is clearly prejudicial to a defendant who is acquitted of all other charges save for the time-barred charge. Particularly given that counsel could have advised the court on the record that the manslaughter charge, although time-barred, still could be considered. Thus, I submit, where it is clear, as it is on this record, that no consideration regarding the expiration of the time to prosecute had been given, it should not be *presumed* that defense counsel's failure to raise the defense was a legitimate strategy.

Furthermore, the majority urges that when future, similar cases are presented, the Appellate Division should consolidate a defendant's CPL 440.10 motion with his or her direct appeal in order to allow review of matters de hors the record. However, this does not solve the predicament that the instant defendant finds himself in. Defendant has had two CPL 440.10 motions claiming ineffective assistance of counsel denied and as a result of the majority's opinion, his direct appeal has now been exhausted. While the majority's suggestion seeks to remedy this procedural dilemma, for this defendant, this holding effectively forecloses him from a legitimate avenue and basis for future CPL 440.10 motions because the majority has definitively held that defense counsel's failure to object to the manslaughter charge was a reasonable trial strategy despite the lack of record support for such a conclusion. The conclusion that defense counsel's reference to the manslaughter charge in his summation was trial strategy, without further evidence that counsel or the trial court was aware of this statute of limitations issue, is unfounded speculation.

In sum, defendant's ineffective assistance of counsel claim rests on a single issue, which is indisputable. The People charged defendant with manslaughter after the expiration of the five-year statute of limitations, and trial counsel failed to raise the statute of limitations as a defense. Moreover, at no point during

the bench trial was there any discussion on the record regarding the statute of limitations of the manslaughter charge. Thus, without discussing on the record that the statute of limitations had run, contrary to the majority's conclusions, trial counsel's references to the manslaughter charge cannot be said to be a trial strategy. Given that such a defense may be forfeited or waived (*Mills*, 1 NY3d at 274 ["New York courts have long recognized that the statute of limitations defense . . . can be forfeited or waived by a defendant"]), there is nothing in this record to suggest that trial counsel consented to having the manslaughter charge considered even though the time to prosecute that crime had run. Therefore, in light of the prejudice to defendant, trial counsel's failure to raise the statute of limitations defense, on this record, constitutes ineffective assistance of counsel.

Accordingly, I would reverse the Appellate Division order and vacate the judgment of conviction.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and SMITH concur with Judge PIGOTT; Judge JONES dissents and votes to reverse in a separate opinion.

Order affirmed.