◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EQUARN WHITE, Appellant. [943 NYS2d 620]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered March 19, 2008, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial as a result of the prosecutor eliciting prior consistent statements made by the complainant and her sister, which allegedly bolstered their identification of the defendant as the assailant (*see* CPL 470.05 [2]; *People v Mack*, 89 AD3d 864, 866 [2011]; *People v Parker*, 74 AD3d 1365, 1365-1366 [2010]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]).

" 'The right to effective assistance of counsel is guaranteed

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

by the Federal and State Constitutions' " (*People v Cason*, 90 AD3d 777, 777 [2011], quoting *People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I, § 6; *People v Bowles*, 89 AD3d 171 [2011]). "Under the New York State standard for the effective assistance of counsel, '[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met' " (*People v Cason*, 90 AD3d at 777, quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Bernardez*, 85 AD3d 936, 937 [2011]). Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Upon reviewing the record, we conclude that counsel provided meaningful representation insofar as he employed "a trial strategy that might well have been pursued by a reasonably competent attorney" (*People v Evans*, 16 NY3d 571, 575 [2011] [internal quotation marks omitted], *cert denied* 565 US —, 132 S Ct 325 [2011]; *see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d at 147; *People v Cason*, 90 AD3d at 777; *People v Gerrara*, 88 AD3d 811 [2011]; *see also People v Del*, 81 AD3d 468, 469 [2011]; *People v Torres*, 183 AD2d 862 [1992]). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]). Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.