Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered July 21, 2008, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Under the facts of this case, the Supreme Court did not err in denying, without a hearing, the defendant’s motion to suppress evidence of certain statements which he allegedly made to his former girlfriend on the ground that she was acting as an agent of the police. The defendant’s contention that the admission of certain evidence violated his constitutional right to confrontation is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 21 [1995]), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “ ‘mixed-claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The defendant’s contention raised in Point I of his pro se supplemental brief is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. The defendant’s contentions raised in Points II and V *760 of his pro se supplemental brief are not properly before this Court, since they are based upon matter dehors the record. The defendant’s remaining contentions are without merit. Rivera, J.P., Hall, Roman and Miller, JJ., concur.