Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered March 15, 2011, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of eight years followed by a five-year period of postrelease supervision on the conviction of robbery in the first degree and a determinate term of imprisonment of six years followed by a five-year period of postrelease supervision on the conviction of robbery in the second degree, with the terms of imprisonment to run consecutively to each other.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of both crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the testimony of a police detective improperly bolstered a complainant’s identification testimony is unpreserved for appellate review (see CPL 470.05 [2]; People v White, 95 AD3d 1045 [2012]; People v Williams, 65 *959 AD3d 709 [2009]), and we decline to reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6]).
The Supreme Court providently exercised its discretion in granting the People’s motion to consolidate two indictments (see CPL 200.20 [2] [c]; [3], [4]; People v Lane, 56 NY2d 1, 8 [1982]; People v Cromwell, 99 AD3d 1017 [2012]).
The defendant was not denied the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
The sentence was excessive to the extent indicated herein. Eng, PJ., Balkin, Lott and Roman, JJ., concur.