White v. Racette

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
         GERARD E. LYNCH,
                         Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

EQUARN WHITE,
         Petitioner-Appellant,

         -v.-                                    13-3994

STEVEN E. RACETTE, Superintendent,
         Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            RANDA D. MAHER, Great Neck, New York.

FOR APPELLEE:             DIANE R. EISNER (with Leonard Joblove, Victor Barall, on the brief), for Kenneth P. Thompson, Kings County District Attorney, Brooklyn, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Equarn White, currently serving a fourteen-year prison sentence for first-degree assault, appeals from the judgment of the United States District Court for the Eastern District of New York (Ross, J.), denying White's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 2008, White was convicted of first-degree assault after a jury trial in New York Supreme Court.

On August 8, 2006, sisters Darlene and Delrese Whitfield stood waiting for a taxi in Brooklyn. Earlier that day, the sisters had filed a complaint against their uncle at the local police precinct, arising out of a physical fight. Their uncle was arrested soon after. As the Whitfield sisters waited for a taxi after their complaint, somebody walked up to them, slashed Darlene Whitfield's face, and fled. The sisters named White--a close friend of their uncle and an overnight guest in the Whitfield household.

White's first two jury trials for assault ended in mistrial. At the third trial, the sisters identified White as the person who attacked Darlene Whitfield. The prosecution's case-in-chief also included several prior consistent statements by the sisters: on the day of the assault, they had accused White in statements to police, a neighbor, a paramedic, and a doctor. No objection was raised to the admission of these prior consistent statements.

On direct appeal, White argued that he was deprived of effective assistance of counsel, because his trial counsel had failed to object to the sisters' prior consistent statements identifying him as the assailant. The state appellate court rejected this argument, concluding "that

2

counsel provided meaningful representation insofar as he employed 'a trial strategy that might well have been pursued by a reasonably competent attorney.'" New York v. White, 943 N.Y.S.2d 620, 621 (App. Div. 2d Dep't 2012) (quoting New York v. Evans, 949 N.E.2d 457, 459 (N.Y. 2011)). The New York Court of Appeals denied leave to appeal. New York v. White, 975 N.E.2d 925 (N.Y. 2012).

In 2012, White petitioned pro se in the Eastern District of New York for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that the state appeals court had based its decision on an unreasonable application of federal law. The district court denied the petition, and we granted a certificate of appealability as to the following issue: "whether trial counsel rendered ineffective assistance by failing to object to the admissibility of prior consistent statements." (Motion Order, Mar. 31, 2014.)

We review de novo the district court's denial of a petition under § 2254. Harris v. Kuhlmann, 346 F.3d 330, 342 (2d Cir. 2003).

A federal court may not grant habeas relief under § 2254 "with respect to any claim that was adjudicated on the merits in State court" unless the state court decision either (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A federal court may override a state court ruling only if it was "so lacking in justification that there was . . . [no] possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

White's state claim of ineffective assistance was subject to Strickland v. Washington, 466 U.S. 668 (1984), requiring that he demonstrate both (1) that his attorney's performance was objectively unreasonable (a standard that affords counsel "wide latitude . . . in making tactical decisions"), and (2) that the deficiency prejudiced his defense. Id. at 687-89. Now that he challenges under § 2254 the state court's denial of his Strickland claim, "'[t]he pivotal question' for the federal habeas court 'is

whether the state court's application of the <u>Strickland</u> standard was unreasonable.'"  <u>Standone v. Fischer</u>, 689 F.3d 138, 154 (2d Cir. 2012) (quoting <u>Richter</u>, 562 U.S. at 101). Because "[t]he standards created by <u>Strickland</u> and § 2254(d) are both highly deferential," a federal collateral attack on a state court's <u>Strickland</u> ruling is subject to a "doubly" deferential standard.  <u>Richter</u>, 562 U.S. at 105 (internal quotation marks omitted).

White's petition challenges conduct by counsel that fits trial strategy.  The defense argued that the Whitfield sisters had a plan to falsely accuse White pursuant to a personal vendetta.  According to a defense witness, the Whitfield sisters were "liars" (Tr. 263) who had falsely accused their uncle of assault earlier the same day and who now continued that pattern by falsely accusing their uncle's friend, White.  In his closing argument, defense counsel argued that the Whitfield sisters had a plan to "get rid of Equarn."  (Tr. 287.)  White reiterates this theory in this appeal: "the sisters' motive to fabricate existed from the outset"; "[t]heir motive to lie arose . . . a week before the incident"; "the defense theory was that the sisters' accusations against [White] were fabricated at the time of the incident, and not after they made their statements"; and "the complainant had ample time to reflect and there was no evidence that she was not under the impetus of studied reflection[] when she spoke to the officer."  (Appellant's Br. at 33-35 (internal quotation marks omitted).)

A trial attorney arguing that his client was a victim of an accusation fabricated from the start may reasonably prefer the accuser's prior (and supposedly fabricated) statements to be admitted rather than excluded.  The state appeals court, by allowing for that trial strategy, reasonably applied <u>Strickland</u>.  Furthermore, we reject White's argument that counsel's strategy was irrational and prejudicial because the first two trials, at which the testimony of a police officer about a prior consistent statement was excluded, ended in mistrials, while the testimony was admitted at the third trial, which resulted in conviction.  The trials were sufficiently different in several other respects, including an additional witness for the prosecution rebutting White's alibi defense, and the

4

absence of defense witnesses who had testified at the first two trials, to preclude this argument.

For the foregoing reasons, and finding no merit in White's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK