15-903-cv
Zappulla v. Annucci

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
             REENA RAGGI,
             PETER W. HALL,
                      *Circuit Judges*.

-----------------------------------------------------------------------

GUY ZAPPULLA,

             *Plaintiff-Appellant*,

             v.                                                  No. 15-903-cv

ANTHONY J. ANNUCCI, Acting Commissioner of the New York State Department of Corrections and Community Supervision, individually and in his official capacity, DOCTOR CARL KOENIGSMANN, Chief Medical Officer of the New York State Department of Corrections and Community Supervision, individually and in his official capacity,

             *Defendants-Appellees*,

SUPERINTENDENT WILLIAM LEE, individually and in his official capacities, FRANCO, Deputy Superintendent of Programs, individually and in his official capacity,

1

JOHN DOE, Health Care Supervisor at Green Haven, individually and in his official capacity, OFFICERS JOHN DOE 1–2, individually and in their official capacities, HEALTH CARE SUPERINTENDENT BERNSTEIN, OFFICER B. HOTALING, OFFICER BEACHY,[*]

*Defendants*.

------------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR APPELLANT: | JOHN LUDWIG and BENJAMIN SEIBEIL (Betsy Ginsburg, *on the brief*), Benjamin N. Cardozo School of Law Civil Rights Clinic, New York, New York. |
| APPEARING FOR APPELLEE: | ANISHA S. DASGUPTA, Deputy Solicitor General (Barbara D. Underwood, Solicitor General, and Karen W. Lin, Assistant Solicitor General of Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 6, 2015, is VACATED AND REMANDED.

Plaintiff Guy Zappulla appeals from a summary judgment award in favor of defendants Anthony J. Annucci and Carl Koenigsmann on Zappulla's claims that his Eighth and Fourteenth Amendment rights were violated by inadequate medical treatment while in the custody of the New York State Department of Corrections and Community

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Supervision.[1]  The challenged award was based on a finding that Zappulla had failed adequately to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because he did not specifically name Annucci and Koenigsmann in his administrative complaint.  See Zappulla v. Annucci, No. 11-CV-6733 (JMF), 2015 WL 925928, at *6–7 (S.D.N.Y. Mar. 4, 2015).  The parties agree that this was error in light of established precedent.  See Espinal v. Goord, 558 F.3d 119, 127 (2d Cir. 2009) ("Where New York's grievance procedures do not require prisoners to identify the individuals responsible for alleged misconduct, neither does the PLRA for exhaustion purposes."); see also Jones v. Bock, 549 U.S. 199, 218 (2007) (holding that PLRA does not itself require naming defendants, but requires only that necessary to exhaust under state procedures).  Zappulla further seeks sanctions under 28 U.S.C. § 1927 for defendants' failure to alert the district court to controlling contrary authority on this point.  Defendants nevertheless urge us to affirm on other grounds supported by the record.

While we are certainly authorized to do so, see Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir. 1997), we "generally 'will not review an issue the district court did not decide,'" Macey v. Carolina Cas. Ins. Co., 674 F.3d 125, 131 (2d Cir. 2010)

---

[1] Zappulla is serving a term of incarceration of 25 years to life for murder in the second degree and escape in the second degree.  This conviction was secured on retrial, see People v. Zappulla, 103 A.D.3d 759, 959 N.Y.S.2d 538 (2013), after this court granted a writ of habeas corpus based on error in his initial murder trial, see Zappulla v. New York, 391 F.3d 462 (2d Cir. 2004).

(quoting Colavito v. N.Y. Organ Donor Network, Inc., 486 F.3d 78, 80 (2d Cir. 2007)). The district court not having addressed the alternative grounds urged by defendants, we here vacate the summary judgment award based on the acknowledged Espinal error, and we remand the case for the district court to consider in the first instance alternative arguments for summary disposition. We further decline to decide in advance of the district court whether defendants should be sanctioned as Zappulla urges for arguing an exhaustion issue contrary to Espinal. "Our authority to impose sanctions is grounded, first and foremost, in our inherent power to control the proceedings that take place before this Court." Ransmeier v. Mariani, 718 F.3d 64, 68 (2d Cir. 2013). Because the alleged misconduct occurred before the district court, appellee should first move for sanctions in that court, which he can do on remand.

Accordingly, the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court