People v Laboy (2019 NY Slip Op 08810)





People v Laboy


2019 NY Slip Op 08810


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10534 2749/10

[*1] The People of the State of New York, Respondent,
v
Alexis Laboy, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel) and Orrick, Herrington & Sutcliffe LLP, New York (Matthew L. Bush of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.



Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered May 4, 2013, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.
Based on the trial record, we find that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Initially, we note that defendant raised related ineffective assistance claims in an unsuccessful CPL 440.10 motion, and his motion for leave to appeal to this Court was denied. Accordingly, while defendant's claims are cognizable on direct appeal, our review is limited to the trial record (see People v Evans, 16 NY3d 571, 575 [2011]), which fails to support a finding of ineffective assistance.
Defendant has not shown that counsel's alleged errors regarding the issue of the ability of the victim, who sustained a brain injury during the assault, to make an identification fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. To the extent the trial record permits review, it reveals that the decisions of counsel that defendant challenges on appeal were objectively reasonable and were not prejudicial, particularly where the principal identifying witness was not the victim, but a credible bystander who was acquainted with defendant.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK